# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* J. CHESEBRO, II, Minor.

UNPUBLISHED
April 28, 2016

No. 329271
Muskegon Circuit Court
Family Division
LC No. 14-043354-NA

Before: SAWYER, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent mother appeals as of right the trial court order terminating her parental rights to the minor child under MCL 712A.19b(3)(g) (failure to provide proper care and custody) and (j) (child will be harmed if returned to parent). We affirm.

Respondent challenges the trial court's finding that termination of her parental rights was in the minor child's best interests. If a trial court finds that a single statutory ground for termination has been established by clear and convincing evidence and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child. MCL 712A.19b(3) and (5); *In re Moss,* 301 Mich App 76, 90; 836 NW2d 182 (2013); *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). "This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interests." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011); see also MCR 3.977(K). "A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). In applying the clear error standard in parental termination cases, "regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

Here, respondent does not challenge the trial court's ruling that the statutory grounds for termination set forth in MCL 712A.19b(3)(g) and (j) were established by clear and convincing

evidence.[1]  Nevertheless, we have reviewed the issue and hold that the trial court did not clearly err in finding clear and convincing evidence supporting both statutory grounds for termination. Shortly before the time of removal, respondent and the child had been living in the garage of a home, kept warm with a space heater, and the home, occupied by several other adults, was littered with drug paraphernalia, with a minimal amount of food present; respondent refused at that point to participate in a drug test.  Further, when a CPS investigator went to the home following an alleged rape of respondent, he observed blood, glass, and other debris scattered in the home, and the minor child was sitting in a diaper in the middle of the mess.  There was testimony that the child displayed a "flat affect" or was emotionless, consistent with children who had experienced trauma, which waned after the child was brought into foster care.  There was also evidence that before this case began, the minor child had been placed in foster care in Florida for three months after respondent had left the child in the care of teenagers who abandoned the child in an unsanitary home with exposed wiring.  Additionally, respondent's participation in reunification services was virtually nonexistent, and respondent admitted to heavy use of marijuana, failing or not participating in drug screens.  There was abundant evidence supporting termination under MCL 712A.19b(3)(g) and (j).

Regarding the minor child's best interests, "[i]n deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted).  A trial court may also consider a parent's history. *In re Jones*, 286 Mich App 126, 131; 777 NW2d 728 (2009).

In this case, the trial court found that it was in the minor child's best interests to terminate respondent's parental rights because she had a history of providing an unstable home and the minor child was making progress in his foster home.  Respondent's problematic history in caring for the child is discussed above.  After the minor child was removed, respondent's barriers to reunification were unemployment, mental health, housing, substance abuse, and domestic

---

[1] MCL 712A.19b(3)(g) and (j) authorize termination of parental rights under the following circumstances:

> (g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

> * * *

> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

violence. Respondent failed to successfully participate in any of her services except for her psychological examination. Further, respondent's home at the time of termination was apparently with her grandmother, but she did not stay with her grandmother on a consistent basis. There was no indication where respondent lived while she was not with her grandmother. Accordingly, the evidence in this case demonstrated that respondent had a history of instability and that her instability had not been addressed at the time of termination.

In regard to the minor child's needs, there was testimony that the minor child needed stability and consistency because of his significant mental health issues. The minor child looked to his foster parents for care, and the child's foster home provided the child with the environment that he needed to thrive. The minor child had a psychological and emotional bond to his foster parents, and the minor child's foster parents planned to adopt him. In contrast, respondent's living situation was unstable, she minimized the trauma that the minor child had previously experienced, and she had not improved her ability to care for the child during this case.

Therefore, respondent's history of neglect and instability, the minor child's need for stability, permanency, and finality, and the advantages of the child's foster home in addressing the child's needs all weighed in favor of a finding that termination was in the child's best interests. *Olive/Metts Minors*, 297 Mich App at 41-42; *Jones*, 286 Mich App at 131. Moreover, although respondent claims that she should have been given more time, the child did not have to wait indefinitely while respondent, who showed no initiative in this lengthy proceeding, decided whether to make an effort to reform. Additionally, while respondent appears to argue that the trial court should have found that preserving her relationship with the minor child was in the child's best interests, there was testimony that the child was not bonded with her. After respondent's parenting time was suspended, the minor child did not ask about her. Regardless, even if a strong bond existed between respondent and the minor child, a strong parent/child bond may be outweighed by other factors in determining whether termination is in a child's best interests. *In re LE*, 278 Mich App 1, 29-30; 747 NW2d 883 (2008). The trial court did not clearly err in finding that termination of respondent's parental rights was in the minor child's best interests under the facts of this case.

Affirmed.

/s/ David H. Sawyer
/s/ William B. Murphy
/s/ Amy Ronayne Krause

-3-